UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :        05 Cr. 711 (PAC) |
|   - against - | : |
| | :        **OPINION & ORDER** |
| Von Tucker, | : |
|     Defendant. | : |

------------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Von Tucker moves *pro se* for a sentence reduction under the First Step Act of 2018 ("First Step Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government concedes that Tucker is eligible for First Step Act relief but argues that this Court should not exercise its statutory discretion to grant a sentence reduction. After careful consideration of the parties' positions, Defendant's motion is **DENIED**.

## BACKGROUND

The Government's superseding indictment, dated January 2, 2008, charged Tucker with five criminal counts arising out of his actions with a major drug trafficking organization. (ECF 67.) As the organization's principal "enforcer," Tucker employed intimidation, threats, force, and murder, to facilitate the criminal ends of the drug trafficking organization between late 2004 to mid-2005.[1] (*Id.*; PSR, at 5.)

---

[1] The PSR, at 22, provided the following summary:

> Von Tucker was found guilty of [] conspiring to distribute crack, use of a firearm during the narcotics conspiracy, and murder in furtherance of a narcotics conspiracy. Shedret Whitehead was the leader of this narcotics conspiracy. Tucker acted as an "enforcer" of a

Tucker went to trial and the jury returned a guilty verdict with respect to four of the five counts ("Counts One, Two, Four, and Five") charged in the superseding indictment. (PSR, at 10; Gov. Opp'n Mem. at 4, ECF 195.) The Government later dismissed Count Four at Tucker's sentencing.[2] (*See* Sent. Tr. at 6 ("So, in the interest of justice I think the government just agreed that the count essentially is dismissed.").)

On August 7, 2009, Tucker was sentenced on Counts One, Two, and Five.[3] (*Id*. at 18.) Tucker was 26-years old at the time of his sentencing. (PSR, at 15.)

- Count One involved Tucker's participation in a conspiracy to distribute and possess 50 grams and more of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. (*See* Sent. Tr. at 18.)

- Count Two involved Tucker's distributing and possessing with intent to distribute 5 grams and more of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). (*See id*.)

- Count Five, the most serious of all the counts, charged Tucker with committing murder in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. (*See id*.)

---

drug organization and followed Whitehead's directives. The defendant shot and killed a rival drug dealer who stole from the drug organization.

[2] Count Four, dismissed by the Government at sentencing, involved Defendant's use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (*See* Sent. Tr. at 6.)

[3] District Judge Shira A. Scheindlin, who has since retired from the federal bench, sentenced Tucker in 2009.

At the time of Tucker's 2009 sentencing, mandatory minimums applied to all three counts:  Count One carried 10 years; Count Two carried 5 years; and Count Five carried 20 years.  (PSR, at 17; Gov. Opp'n Mem. at 4.)  The Sentencing Guidelines for Tucker called for life imprisonment, given his criminal history[4] and the seriousness of the underlying offense: murder.  (*See* Sent. Tr. at 7.)  The sentencing court considered the depravity of Tucker's criminal conduct and weighed that against mitigating factors, notably his troubled upbringing.  (*See id*. at 18 ("[T]he real issue was life or not life. I mean absolutely that was the only issue, and I have been thinking about it non-stop for days, thinking, thinking, going back and forth, thinking.").)  In the end, the court sentenced Tucker not to life but to a below Guidelines sentence of 480-months on *each* of the three counts, to run concurrently, along with five years of supervised release.  (*Id*.)

Tucker is now 37-years old and, to date, has served approximately 185-months of his 480-month long sentence.  (Gov. Opp'n Mem. at 4.)  His prison record is disappointing.  (*Id*. at 5.)  Within the past three years, he has had six serious disciplinary infractions.[5]  (*Id*.)

Tucker now moves *pro se* for relief under the First Step Act, arguing that he is eligible for a sentence reduction in light of the statute's retroactive application of the 2010 Fair Sentencing Act.  (Tucker Mot. at 1-4, ECF 192.)  Both the Supplemental PSR, dated July 15, 2020, and the Government, concede that the mandatory minimums on Counts One and Two of Tucker's sentence have been modified by the retroactive application of the Fair Sentencing Act.

---

[4] Prior to committing the underlying offenses, Tucker was convicted in multiple state prosecutions for robbery, assault, and harassment, since the age of 15.  (PSR, at 12-14.)

[5] These infractions run the gamut from destroying the fire sprinkler head in his cell to threatening and assaulting other inmates to possessing sharpened weapons.  (Gov. Opp'n Mem. at 4.)

(Gov. Opp'n Mem. at 4-5; Supp. PSR, at 1-2, ECF 194.)  Count Five, however, which charges Tucker with murder, is unaffected.  (Supp. PSR, at 1-2.)

## DISCUSSION

To succeed on a sentence reduction motion brought under the First Step Act, in accordance with 18 U.S.C. § 3582(c)(1)(B), the Court proceeds through a two-step analysis.  *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020).  First, the moving party must demonstrate that he is "eligible" for relief under the express terms of the First Step Act and the Fair Sentencing Act.  *Id*. at 666-67; *United States v. Johnson*, 961 F.3d 181, 186 (2d Cir. 2020).  Second, assuming eligibility is established, the Court must then exercise its discretion to determine whether the moving party is entitled to relief.  *Holloway*, 956 F.3d at 666; *United States v. Thomas*, No. 19-3071-CR, 2020 WL 5523527, at *2 (2d Cir. Sept. 15, 2020) ("The second-step decision to reduce a defendant's sentence under the First Step Act is entirely discretionary.").  Eligibility and entitlement to relief are not two sides of the same coin.  *Holloway*, 956 F.3d at 666 ("[W]hile Holloway is plainly *eligible* for relief, he is not necessarily *entitled* to relief.").

The Second Circuit has recently held that a defendant is not eligible for First Step Act relief where his original sentence "could not have been lower even if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time" of his sentencing.  *United States v. Echeverry*, No. 19-2202-CR, 2020 WL 6306957, at *2 (2d Cir. Oct. 28, 2020) (per curiam); *see also United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020) ("If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence.").

Applying that here, the Court concludes that it has no authority under the First Step Act to reduce Tucker's 480-month sentence. *Echeverry*, 2020 WL 6306957, at *2. Although the mandatory minimums for Counts One and Two have been modified by the First Step Act, the Count Five murder conviction is unaffected. *Id*. Count Five alone, however, carries a sentence of 480-months, which equals Tucker's total sentence. (Sent. Tr. at 18.) Accordingly, because Tucker's "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect" during his 2009 sentencing, he is ineligible for First Step Act relief. *Echeverry*, 2020 WL 6306957, at *2; *Jones*, 962 F.3d at 1303.

## CONCLUSION

Tucker's motion for a sentence reduction brought under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act is **DENIED**.

The Clerk of the Court is instructed to terminate the motion at ECF 192.

Dated: New York, New York　　　　　　　　SO ORDERED
　　　　October 29, 2020

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　PAUL A. CROTTY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge